```
                IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF KANSAS
```

ROLLY O'DELL
KINNELL,

                  **Petitioner,**

           **v.**                              CASE NO.  13-3111-SAC

**RAY ROBERTS,**
**et al.,**

                  **Respondents.**

### **O R D E R**

This pro se matter was filed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 by Mr. Kinnell, who is currently on parole from his 1998 state sentences. Petitioner also filed a Motion for Leave to Proceed without Prepayment of Fees (Doc. 2). However, since filing this motion he has paid the filing fee for a habeas petition of $5.00. Accordingly, his motion to proceed in forma pauperis is denied as moot.

Having reviewed the materials filed in this case, the court dismisses the petition on several grounds. This action is substantially similar to *Kinnell v. State of Kansas*, Case No. 12-3182-SAC (Dec. 6, 2012). As petitioner was advised in that prior case, the only proper respondent in a § 2241 petition is the petitioner's current custodian. It follows that all respondents named herein must be dismissed from this action as none is alleged or shown to be petitioner's current custodian.

1

In addition, the court finds that Mr. Kinnell fails to state facts showing that he is entitled to relief under § 2241. Many of the allegations in the petition make no sense or are nothing more than conclusory statements. Nevertheless, it is apparent that Mr. Kinnell is mainly attempting to challenge his 1998 state convictions. He has been repeatedly informed that the only way he may challenge his state criminal convictions is by filing a habeas corpus petition pursuant to 28 U.S.C. § 2254 and that he may not do so in a § 2241 petition. He has also been informed that since his challenges to his 1998 convictions were denied on the merits in prior § 2254 proceedings,[1] any new application is successive and he is required by 28 U.S.C. § 2244(b)(3)(A) to obtain preauthorization from the Tenth Circuit before filing another § 2254 petition in the district court.[2] When a state inmate files a successive petition without having first obtained Circuit preauthorization, the district court has no jurisdiction to hear his § 2254 claims.

To the extent that Mr. Kinnell continues to complain about the

---

[1] See *Kinnell v. State of Kansas*, Case No. 00-3235-DES (Doc. 45)(Dec. 14, 2001)(no appeal of judgment filed),(motion for relief from judgment treated as second and successive application and transferred to Circuit), App.No. 03-3249 (preauthorization to file second and successive 2254 application denied); see also *Kinnell v. State of Kansas*, App.Case No. 98-3225 (10th Cir. Jan. 15, 1999)(the Tenth Circuit exercised its discretion to address Kinnell's challenges to his 1998 convictions on the merits and found they had no merit.)

[2] Section 2244(b)(3)(A) provides:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

federal law known as the three-strikes provision, 28 U.S.C. § 1915(g), he has also been repeatedly informed that this and any other non-habeas, constitutional claim must be brought in a civil rights complaint and may not be litigated in a § 2241 petition. Furthermore, Mr. Kinnell was long ago designated a three-strikes litigant with respect to civil rights claims that do not involve imminent danger of serious physical injury. As a consequence, there are statutory prerequisites that he must satisfy in order to proceed by civil rights complaint including upfront payment of the full filing fee, which is now $400.

In addition, the initial pleading filed in this case does not comply with directives set forth in Case No. 12-3082, including that petitioner is not to attempt to litigate § 2254 and civil rights claims in a § 2241 petition, and may only litigate such claims by submitting them upon the appropriate forms and after having satisfied the prerequisites for each type of action.[3]

Petitioner has also filed a motion (Doc. 3) "to stay all state-federal court proceedings in connection with Case No. 98-CR-195," which is the criminal case that resulted in his 1998 convictions. This is not a proper motion for stay of those proceedings and no valid legal or factual ground for issuance of a

---

3  Mr. Kinnell was further notified in Case No. 12-3082 (Doc. 23) that "any submission in the future in any case filed by him that included any reference to these two repeatedly-rejected claims shall be stricken from the record, and nothing in that abusive filing will be considered further." The "repeatedly-rejected claims" were his challenges to his state criminal convictions and his complaints regarding the three-strikes provision.

3

stay is presented. Thus, to the extent that this "motion" requests a stay, it is denied. In this "motion," petitioner also baldly states that he is "entitled to expungement and vacation of void judgment" and that "all are hiding behind 28 U.S.C. 1915(g)." The court finds that this pleading is another repetitive, abusive filing of the type customarily submitted by Mr. Kinnell, and that it entitles him to no relief. The contents either make no sense or are bald restatements of claims that have repeatedly been dismissed. Moreover, petitioner has again attached to this filing numerous copies of documents from a prior case, this time mainly from Case No. 12-3182, with no reference to each document in his motion and no explanation as to his reason for attaching these materials.

Petitioner has recently filed another "motion" in which he apparently is asking this court to enjoin acts taken by his landlord who has notified him that he must remove "junk" from a rental unit (Doc. 4). The subject matter of this motion has no connection whatsoever to any allegation in the initial pleading filed in this action. Furthermore, this court has no jurisdiction over landlord-tenant disputes, which are purely matters of state law. This motion is frivolous and is denied.

In summary, the court concludes that Mr. Kinnell has not stated a claim for relief under § 2241 and that this petition fails to comply with statutory prerequisites and filing directives previously imposed upon him by this court. Mr. Kinnell has been given

4

opportunities to cure similar deficiencies in prior cases to no avail, and the court is convinced that justice would not be served by according him another such opportunity in this case. Accordingly, for all the foregoing reasons this action is dismissed.

**IT IS THEREFORE ORDERED** that petitioner's Motion to Proceed in forma pauperis (Doc. 2) is denied as moot.

**IT IS FURTHER ORDERED** that this action is dismissed as against all respondents as none is shown to be petitioner's current custodian.

**IT IS FURTHER ORDERED** that this action is dismissed and all relief is denied for failure to state facts to support a claim for relief under § 2241, failure to name a proper respondent, and on account of petitioner's failure to adhere to statutory prerequisites and filing directives previously imposed upon him.

**IT IS FURTHER ORDERED** that petitioner's other pending motions (Docs. 3 & 4) are denied.

**IT IS FURTHER ORDERED** that the court hereby certifies that any appeal of this matter would not be taken in good faith, and therefore denies any motion for leave to proceed without prepayment of fees on appeal.

**IT IS SO ORDERED.**

**DATED:  This 16th day of July, 2013, at Topeka, Kansas.**

s/Sam A. Crow
U. S. Senior District Judge